IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JAMISI JERMAINE CALLOWAY,

      Plaintiff,                             No. CIV S-09-2907 EFB P

    vs.

M. VEAL, et al.,                            ORDER

      Defendants.

_____/

      Jamisi Jermaine Calloway, a prisoner proceeding pro se, filed this civil rights action under 42 U.S.C. § 1983, and proceeds in forma pauperis. This proceeding was referred to the undersigned by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1) and plaintiff's consent.

      Pursuant to 28 U.S.C. § 1915A, the court shall review "a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). "On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b).

      To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that

1

the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

A district court must construe a pro se pleading "liberally" to determine if it states a claim and, prior to dismissal, tell a plaintiff of deficiencies in his complaint and give plaintiff an opportunity to cure them. *See Lopez v. Smith*, 203 F.3d 1122, 1130-31 (9th Cir. 2000). While detailed factual allegations are not required, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570).

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

*Id.* (citations and quotation marks omitted). Although legal conclusions can provide the framework of a complaint, they must be supported by factual allegations, and are not entitled to the assumption of truth. *Id.* at 1950.

Rule 8 of the Federal Rules of Civil Procedure requires the pleader to set forth his averments in a simple, concise, and direct manner. The degree of simplicity and conciseness required depends on the subject matter of the litigation, the nature of the claims or defenses presented and the number of parties involved. Wright & Miller, *Federal Practice & Procedure*, vol. 5 § 1281 & n. 12 (1990) (explaining that an antitrust or copyright pleading due to its complexity, must be pleaded with more detail than a simple negligence complaint).

In his complaint, plaintiff names the following 28 defendants: Warden M. Veal; Warden Suzan L. Hubbard; Queen of the Valley Hospital; RN Chris; MD Bein; California Medical Facility; c/o Sanchez; Lt. Providence; c/o Fisher; Lt. P. Mirieh; Lt. D.E. Cueve; Sgt. Powe; Sgt.

1  Smith; Sgt. J. Lotze; c/o Chambers; c/o Glaude; c/o Bustamante; c/o Cardell; c/o Agboli; c/o
2  Hamilton; CCI Cry; c/o T. Beth; CMO R.L. Andreason; Appeal Analyst C. McKenizie; M.D.
3  Chief Deputy Clinical Services Nadim Khoury; Staff Services Manager B. Sullivan; (CDCR)
4  Chief Inmate Appeals Branch N. Grannis; and Director of the CDCR John or Jane Doe.
5         Plaintiff's "Statement of Facts" is 43 pages long, Dckt. No. 1 at 6-49,[1] and the exact
6  nature of his claims is difficult to discern. He describes numerous unrelated events which are
7  alleged to have occurred over a period of time exceeding at least one year and at several different
8  locations. The court cannot determine which events are alleged to have given rise to a violation
9  of plaintiff's federal rights and which events are provided for purposes of background
10 information or some other purpose. On page 54, plaintiff begins defining and describing the
11 nature of his claims and incorporates by reference "all paragraphs in the complaint." Dckt. No. 1
12 at 54-63. However, the court cannot make sense of the rambling factual allegations or determine
13 how they relate to the conclusory claims listed by plaintiff, which include the following: (1) all
14 defendants violated plaintiff's rights under the Eighth and Fourteenth Amendments; (2) all
15 defendants retaliated against plaintiff for using the inmate appeal process; (3) all defendants used
16 excessive force against plaintiff; (4) defendants Cardell, Bustamonte, Sanchez, Providence, and
17 unnamed defendants used excessive force against plaintiff and ignored plaintiff's serious medical
18 needs because of a racial animus; (5) Cardell, Bustamonte, Powe, Sanchez, Providence, Fisher
19 and other unnamed defendants violated plaintiff's equal protection rights on the basis of his race;
20 (6) defendants Cardell, Bustamonte, Sanchez, Fisher, Providence, Hubbard and unnamed
21 defendants conspired to deprive plaintiff of his equal protection rights on the basis of his
22 disability and race; (7) defendants Agboli, Cardell, Bustamonte, Fisher, Bethards, Sanchez,
23 Glaude, Providence, Mirich, Cueve, Cry and Hubbard knew of a conspiracy to violate plaintiff's
24 equal protection rights and failed to prevent it, and defendants Andreason, McKenzie, Khoury,
25
26   [1] Since plaintiff did not number the pages to his complaint, the court has assigned sequential page numbers for ease of reference.

Sullivan, Grannis, RN Chris and Bein also knew of a conspiracy knew of a conspiracy to have plaintiff's equal protection rights violated; (8) defendants Providence, Sanchez, Hubbard and Andreason were deliberately indifferent to plaintiff's safety and medical needs and Hubbard was specifically deliberately indifferent by sending plaintiff to an inadequate prison to be attacked and beaten; (9) defendants Cardell, Bustamonte, Sanchez, Providence, and Hubbard retaliated against plaintiff for using the prison grievance system, and defendants Cardell, Bustamonte, Powe, Sanchez, Providence, Cry and other unnamed John/Jane Doe defendants fabricated evidence to have plaintiff placed in administrative segregation; (10) defendants were deliberately indifferent to plaintiff's medical needs; (11) defendant Cry obstructed plaintiff's right to file prison grievances; and (12) defendants Queen of the Valley Hospital, RN Chris, Bein and other unnamed John/Jane Doe defendants failed to adequately train or supervise their employees. *Id.*

Because of plaintiff's vague and conclusory allegations, the court is unable to ascertain the precise conduct he challenges, against which defendant(s), and on what legal bases. The court will therefore dismiss the complaint for failure to comply with the requirements of Fed. R. Civ. P. 8(a) (i.e., that the complaint set forth a short and plain statement of the claim(s), showing entitlement to relief and giving the defendant(s) fair notice of the claim(s) against them). Plaintiff is cautioned that should he file an amended complaint, his original complaint will no longer serve any function in this case. "[A] plaintiff waives all causes of action alleged in the original complaint which are not alleged in the amended complaint," *London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir. 1981), and defendants not named in an amended complaint are no longer defendants, *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992).

Plaintiff's complaint also describes many unrelated events involving different actors. Plaintiff may join multiple claims if they are all against a single defendant. Fed. R. Civ. P. 18(a). However, unrelated claims against different defendants must be pursued in separate lawsuits. "The controlling principle appears in Fed. R. Civ. P. 18(a): 'A party asserting a claim . . . may join, [] as independent or as alternate claims, as many claims . . . as the party has against an

1  opposing party.'  Thus multiple claims against a single party are fine, but Claim A against
2  Defendant 1 should not be joined with unrelated Claim B against Defendant 2.  Unrelated claims
3  against different defendants belong in different suits, not only to prevent the sort of morass [a
4  multiple claim, multiple defendant] suit produce[s], but also to ensure that prisoners pay the
5  required filing fees-for the Prison Litigation Reform Act limits to 3 the number of frivolous suits
6  or appeals that any prisoner may file without prepayment of the required fees.  28 U.S.C. §
7  1915(g)."  *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007); *see also* Fed. R. Civ. P. 20(a)(2)
8  (joinder of defendants not permitted unless both commonality and same transaction requirements
9  are satisfied).  As it stands, plaintiff's complaint violates this principle.

10  To the extent plaintiff's allegations relate to events occurring at Queen of the Valley
11 Hospital, they are dismissed as not properly brought in this court.  The federal venue statute
12 requires that a civil action, other than one based on diversity jurisdiction, be brought only in "(1)
13 a judicial district where any defendant resides, if all defendants reside in the same State, (2) a
14 judicial district in which a substantial part of the events or omissions giving rise to the claim
15 occurred, or a substantial part of property that is the subject of the action is situated, or (3) a
16 judicial district in which any defendant may be found, if there is no district in which the action
17 may otherwise be brought."  28 U.S.C. § 1391(b).  Accordingly, the claims about the conditions
18 in Napa County, where Queen of the Valley Hospital is located, are not properly brought in this
19 court, as Napa County is in the Northen District of California.  28 U.S.C. § 84(a).

20  To state a claim that the conditions of imprisonment violate the Eighth Amendment
21 prohibition on cruel and unusual punishment, plaintiff must allege a specific individual was
22 deliberately indifferent to some basic human need such as food, clothing, shelter, medical care or
23 safety.  *See Wilson v. Seiter*, 501 U.S. 294, 303-04 (1991); *Rhodes v. Chapman*, 452 U.S. 337,
24 347 (1981).  A prison official is deliberately indifferent when he knows of and disregards a risk
25 of injury or harm that "is not one that today's society chooses to tolerate."  *See Helling v.*
26 *McKinney*, 509 U.S. 25, 36 (1993); *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).

5

The Equal Protection Clause of the Fourteenth Amendment requires that persons who are similarly situated be treated alike. *City of Cleburne v. Cleburne Living Center, Inc.*, 473 U.S. 432, 439 (1985). To state a claim under § 1983 alleging violations of the equal protection clause, plaintiff must allege facts showing that he is a member of a protected class. *See Harris v. McRae*, 448 U.S. 297, 323 (1980) (indigents); *see also City of Cleburne*, 473 U.S. at 440-41 (listing suspect classes). Plaintiff must also plead facts to demonstrate that defendants acted with an intent or purpose to discriminate against him based upon his membership in a protected class. *See Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998), *cert. denied*, 525 U.S. 1154 (1999). Alternatively, plaintiff may allege facts showing that he has been intentionally treated differently from others similarly situated without a rational basis for the difference in treatment. *Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000); *Squaw Valley Development Co. v. Goldberg*, 375 F.3d 936, 944 (9th Cir. 2004)

To state a claim for conspiracy, plaintiff must allege specific facts showing two or more persons intended to accomplish an unlawful objective of causing plaintiff harm and took some concerted action in furtherance thereof. *Gilbrook v. City of Westminster*, 177 F.3d 839, 856-57 (9th Cir. 1999); *Margolis v. Ryan*, 140 F.3d 850, 853 (9th Cir. 1998) (to state claim for conspiracy under § 1983, plaintiff must allege facts showing an agreement among the alleged conspirators to deprive him of his rights); *Delew v. Wagner*, 143 F.3d 1219, 1223 (9th Cir. 1998) (to state claim for conspiracy under § 1983, plaintiff must allege at least facts from which such an agreement to deprive him of rights may be inferred); *Burns v. County of King*, 883 F.2d 819, 821 (9th Cir. 1989) (per curiam) (conclusory allegations of conspiracy insufficient to state a valid § 1983 claim); *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 626 (9th Cir. 1988).

Plaintiff may not impose liability on a defendant simply he played a role in processing plaintiff's inmate appeals, as there are no constitutional requirements regarding how a grievance system is operated. *See Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003) (holding that

6

prisoner's claimed loss of a liberty interest in the processing of his appeals does not violate due process because prisoners lack a separate constitutional entitlement to a specific prison grievance system).

If plaintiff wishes to continue this litigation he must file an amended complaint. Plaintiff's amended complaint must adhere to the following requirements:

It must be complete in itself without reference to any prior pleading. E.D. Cal. Local Rule 220; *see Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading is superseded.

It must show that the federal court has jurisdiction and that plaintiff's action is brought in the right place, that plaintiff is entitled to relief if plaintiff's allegations are true, and must contain a request for particular relief. Plaintiff must identify as a defendant only persons who personally participated in a substantial way in depriving plaintiff of a federal constitutional right. *Johnson*, 588 F.2d at 743 (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation).

It must contain a caption including the name of the court and the names of all parties. Fed. R. Civ. P. 10(a).

Plaintiff may join multiple claims if they are all against a single defendant. Fed. R. Civ. P. 18(a). If plaintiff has more than one claim based upon separate transactions or occurrences, the claims must be set forth in separate paragraphs. Fed. R. Civ. P. 10(b).

The allegations must be short and plain, simple and direct and describe the relief plaintiff seeks. Fed. R. Civ. P. 8(a); *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002); *Galbraith v. County of Santa Clara*, 307 F.3d 1119, 1125 (9th Cir. 2002). A long, rambling pleading, including many defendants with unexplained, tenuous or implausible connection to the alleged constitutional injury or joining a series of unrelated claims against many defendants very likely will result in delaying the review required by 28 U.S.C. § 1915 and an order dismissing

plaintiff's action pursuant to Rule 41 of the Federal Rules of Civil Procedure for violation of these instructions.

Plaintiff must sign the complaint. Fed. R. Civ. P. 11(a). By signing an amended complaint, plaintiff certifies he has made reasonable inquiry and has evidentiary support for his allegations and that for violation of this rule the court may impose sanctions sufficient to deter repetition by plaintiff or others. Fed. R. Civ. P. 11.

A prisoner may bring no § 1983 action until he has exhausted such administrative remedies as are available to him. 42 U.S.C. § 1997e(a). The requirement is mandatory. *Booth v. Churner*, 532 U.S. 731, 741 (2001). By signing an amended complaint plaintiff certifies his claims are warranted by existing law, including the law that he exhaust administrative remedies, and that for violation of this rule plaintiff risks dismissal of his entire action

Accordingly, it hereby is ordered that plaintiff's complaint is dismissed with leave to amend within 30 days. Any amended complaint must bear the docket number assigned to this case and be titled "First Amended Complaint." Failure to comply with this order will result in this action being dismissed.

Dated: September 2, 2010.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE