IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JAMISI JERMAINE CALLOWAY,

      Plaintiff,                      No. CIV S-09-2907 EFB P

    vs.

M. VEAL, et al.,

      Defendants.            <u>ORDER</u>

                            /

       Jamisi Jermaine Calloway, a prisoner proceeding pro se, filed this civil rights action under 42 U.S.C. § 1983, and proceeds in forma pauperis.[1] On September 3, 2010, the court dismissed plaintiff's complaint with leave to amend. Plaintiff filed an amended complaint on December 14, 2010 and that complaint is now before the court for screening.

       The court shall review "a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). "On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim

---

[1] The case was referred by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1) and is before the undersigned pursuant to plaintiff's consent. *See* E.D. Cal. Local Rules, Appx. A, at (k)(4).

1

upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b).

The court has reviewed plaintiff's amended complaint and, for the limited purposes of § 1915A screening, finds that it states potentially cognizable Eighth Amendment claims against defendants Andreason and Veal.

However, plaintiff's claims against Hubbard, McKenzie and Grannis must be dismissed with leave to amend as plaintiff fails to allege how these defendants were personally involved in violating his rights. It is plaintiff's responsibility to allege facts to state a plausible claim for relief. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009); *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009). Since plaintiff does not make any factual allegations as to defendants Hubbard or McKenzie, he cannot proceed against them unless he cures these deficiencies in an amended complaint. That is, plaintiff must specifically link each defendant to an act or omission that allegedly violated plaintiff's federal rights. Moreover, plaintiff's only allegation against defendant Grannis is that Grannis denied plaintiff's inmate appeal at the third level of review. Plaintiff may not impose liability on a defendant simply because the defendant played a role in processing plaintiff's inmate appeals, as there are no constitutional requirements regarding how a grievance system is operated. *See Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003) (holding that prisoner's claimed loss of a liberty interest in the processing of his appeals does not violate due process because prisoners lack a separate constitutional entitlement to a specific prison grievance system).

Plaintiff also names Jane or John Doe as defendants. The use of Doe Defendants in federal court is problematic, *see Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980), and ultimately unnecessary. Should plaintiff learn through discovery the identities of parties he wishes to serve, he must promptly move pursuant to Rule 15 of the Federal Rules of Civil Procedure to file an amended complaint to add them as defendants. *See Brass v. County of Los Angeles*, 328 F.3d 1192, 1197-98 (9th Cir. 2003). If the timing of his amended complaint raises

questions as to the statute of limitations, plaintiff must satisfy the requirements of Rule 15(c). Rule 15(c), not the state practice of Doe pleading, is the controlling procedure for adding defendants who identities were discovered after commencement of the action.

Plaintiff may proceed forthwith to serve defendants Andreason and Veal and pursue his claims against only those defendants or he may delay serving any defendant and attempt to state a cognizable claim against defendants Hubbard, McKenzie and/or Grannis.

If plaintiff elects to attempt to amend his complaint to state a cognizable claim against defendants Hubbard, McKenzie and/or Grannis, he has 30 days so to do. He is not obligated to amend his complaint. However, if plaintiff elects to proceed forthwith against defendants Andreason and Veal, against whom he has stated a potentially cognizable claim for relief, then within 30 days he must return materials for service of process enclosed herewith. In this event the court will construe plaintiff's election as consent to dismissal of all claims against defendants Hubbard, McKenzie and Grannis, without prejudice.

Any amended complaint must adhere to the following requirements:

It must be complete in itself without reference to any prior pleading. E.D. Cal. Local Rule 220; *see Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading is superseded.

It must show that the federal court has jurisdiction and that plaintiff's action is brought in the right place, that plaintiff is entitled to relief if plaintiff's allegations are true, and must contain a request for particular relief. Plaintiff must identify as a defendant only persons who personally participated in a substantial way in depriving plaintiff of a federal constitutional right. *Johnson*, 588 F.2d at 743 (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation).

It must contain a caption including the name of the court and the names of all parties. Fed. R. Civ. P. 10(a).

Plaintiff may join multiple claims if they are all against a single defendant. Fed. R. Civ. P. 18(a). Unrelated claims against different defendants must be pursued in multiple lawsuits. "The controlling principle appears in Fed. R. Civ. P. 18(a): 'A party asserting a claim . . . may join, [] as independent or as alternate claims, as many claims . . . as the party has against an opposing party.' Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass [a multiple claim, multiple defendant] suit produce[s], but also to ensure that prisoners pay the required filing fees-for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees. 28 U.S.C. § 1915(g)." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007); *see also* Fed. R. Civ. P. 20(a)(2) (joinder of defendants not permitted unless both commonality and same transaction requirements are satisfied). Plaintiff may not change the nature of this suit by alleging new, unrelated claims in an amended complaint. *George*, 507 F.3d at 607 (no "buckshot" complaints).

The allegations must be short and plain, simple and direct and describe the relief plaintiff seeks. Fed. R. Civ. P. 8(a); *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002); *Galbraith v. County of Santa Clara*, 307 F.3d 1119, 1125 (9th Cir. 2002). A long, rambling pleading, including many defendants with unexplained, tenuous or implausible connection to the alleged constitutional injury or joining a series of unrelated claims against many defendants very likely will result in delaying the review required by 28 U.S.C. § 1915 and an order dismissing plaintiff's action pursuant to Rule 41 of the Federal Rules of Civil Procedure for violation of these instructions.

Plaintiff must sign the complaint. Fed. R. Civ. P. 11(a). By signing an amended complaint, plaintiff certifies he has made reasonable inquiry and has evidentiary support for his allegations and that for violation of this rule the court may impose sanctions sufficient to deter repetition by plaintiff or others. Fed. R. Civ. P. 11.

A prisoner may bring no § 1983 action until he has exhausted such administrative remedies as are available to him. 42 U.S.C. § 1997e(a). The requirement is mandatory. *Booth v. Churner*, 532 U.S. 731, 741 (2001). By signing an amended complaint plaintiff certifies his claims are warranted by existing law, including the law that he exhaust administrative remedies, and that for violation of this rule plaintiff risks dismissal of his entire action, including his claims against defendants Andreason and Veal.

Accordingly, the court hereby orders that:

1. Claims against defendants Hubbard, McKenzie and Grannis are dismissed with leave to amend. Within 30 days of service of this order, plaintiff may amend his complaint to attempt to state cognizable claims against these defendants. Plaintiff is not obligated to amend his complaint.

2. The allegations in the pleading are sufficient at least to state potentially cognizable claims against defendants Andreason and Veal. *See* 28 U.S.C. § 1915A. With this order the Clerk of the Court shall provide to plaintiff a blank summons, a copy of the complaint filed December 14, 2010, two USM-285 forms and instructions for service of process on defendants Andreason and Veal. Within 30 days of service of this order plaintiff may return the attached Notice of Submission of Documents with the completed summons, the completed USM-285 forms, and three copies of the December 14, 2010 amended complaint. The court will transmit them to the United States Marshal for service of process pursuant to Rule 4 of the Federal Rules of Civil Procedure. Defendants Andreason and Veal will be required to respond to plaintiff's allegations within the deadlines stated in Rule 12(a)(1) of the Federal Rules of Civil Procedure. In this event, the court will construe plaintiff's election to proceed forthwith as consent to an order dismissing his defective claims against defendants Hubbard, McKenzie and Grannis without prejudice.

////

////

3. Failure to comply with this order will result in this action being dismissed.

Dated: April 7, 2011.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JAMISI JERMAINE CALLOWAY,

    Plaintiff,    No. CIV S-09-2907 EFB P

  vs.

M. VEAL, et al.,

    Defendants.    NOTICE OF SUBMISSION OF DOCUMENTS
_____/

    In accordance with the court's order filed _____, plaintiff hereby elects to:

    (1) _____ consent to the dismissal of defendants Hubbard, McKenzie and Grannis without prejudice, and submits the following documents:

        __1__ completed summons form

        __2__ completed forms USM-285

        __3__ copies of the December 14, 2010 Amended Complaint

**OR**

    (2) _____ delay serving any defendant and files a second amended complaint in an attempt to state cognizable claims against defendants Hubbard, McKenzie and Grannis.

Dated:

                                              _____
                                                   Plaintiff