IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JAMISI JERMAINE CALLOWAY,

    Plaintiff,                    No. CIV S-09-2907 GEB EFB P

    vs.

M. VEAL, et al.,

    Defendants.           <u>ORDER</u>

_____/

    Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. He has requested that the court appoint counsel. He also filed a request for leave to conduct defendants' depositions by remote means pursuant to Rule 30(b)(4) of the Federal Rules of Civil Procedure ("Rule).

    District courts lack authority to require counsel to represent indigent prisoners in section 1983 cases. *Mallard v. United States Dist. Court*, 490 U.S. 296, 298 (1989). In exceptional circumstances, the court may request counsel voluntarily to represent such a plaintiff. 28 U.S.C. § 1915(e)(1); *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991); *Wood v. Housewright*, 900 F.2d 1332, 1335-36 (9th Cir. 1990). The court finds that there are no exceptional circumstances in this case.

////

Rule 30(b)(4) provides that "[t]he parties may stipulate—or the court may on motion order—that a deposition be taken by telephone or other remote means." In his requests, plaintiff asks for leave to conduct oral depositions before a court stenographer, and that the court order defendants' counsel to arrange with prison officials for defendants' depositions to be taken on a Saturday or Sunday. It does not appear from plaintiff's request that he actually seeks leave to conduct depositions by remote means, i.e., telephone or video conference. Rather, it appears that plaintiff requests that the court provide him with a stenographer and an order directing defendants to arrange for any depositions.

Plaintiff's request must be denied because it his responsibility to notice and arrange for defendants' depositions and to bear the costs of recording such depositions.[1] Rule 30(b)(1) requires that a "party who wants to depose a person by oral questions must give reasonable written notice to every other party." "The party who notices the deposition must state in the notice the method for recording the testimony." Fed. R. Civ. P. 30(b)(3)(A). That party must also arrange for an officer to conduct the depositions, and bears the costs of recording the deposition. Fed. R. Civ. P. 30(b)(3)(A)-(B), (5)(A). Therefore, plaintiff's request will be denied.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's August 9, 2011 request for appointment of counsel is denied; and

2. Plaintiff's August 12, 2022 motion regarding depositions is denied.

DATED: August 30, 2011.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

---

[1] This is true even if the depositions are conducted by "remote means" pursuant to Rule 30(b)(4).

2