IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JAMISI JERMAINE CALLOWAY,

      Plaintiff,                        No. CIV S-09-2907 GEB EFB P

   vs.

M. VEAL, et al.,

      Defendants.             <u>ORDER</u>

                               /

     Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. Plaintiff moves to compel discovery responses from defendants Veal and Andreason ("defendants") and moves to amend his complaint. Defendants request modification of the discovery and scheduling order. For the reasons stated below, the court denies plaintiff's motion to compel, denies plaintiff's motion to amend, and grants defendants' request to modify the scheduling order.

////

////

////

////

////

1

### I. Plaintiff's Motion to Compel (Dckt. No. 35)

Plaintiff moves to compel defendants to respond to his requests for admission and requests for production.[1] Dckt. No. 35. Plaintiff served on defendants one set of requests for admission, which he directed to both defendants. Dckt. No. 38, Carroll Decl., Ex. A. Plaintiff also combined his interrogatories and requests for production into one set of discovery requests, which he also directed to both defendants. *Id.*, Ex. B. Defendants objected to the requests for admission as procedurally defective because they were addressed to both defendants, and noted that Federal Rule of Civil Procedure ("Rule") 36(a)(1) does not provide for joint responses by multiple parties. Dckt. No. 35 at 6-21; *see* Fed. R. Civ. P. 36(a)(1) ("A party may serve on any other *party* a written request to admit") (emphasis added); Fed. R. Civ. P. 36(a)(4) (referring to the "answering *party*") (emphasis added). Defendants objected to the interrogatories as procedurally defective because they too were addressed to both defendants, and noted that Rule 33 also does not provide for joint responses by multiple parties. Dckt. No. 35 at 22-33; *see* Fed. R. Civ. P. 33(a)(1) ("a party may serve on any other *party* no more than 25 written interrogatories") (emphasis added); Fed R. Civ. P. 33(b)(1), (3) (requiring "the *party* to whom" the interrogatory is directed answer in writing under oath) (emphasis added). Defendants also objected because plaintiff had improperly combined his interrogatories with his requests for production of documents. *Id.*

Plaintiff now seeks an order compelling defendants to respond to his discovery requests, arguing he should not be denied "adequate discovery" because of "small harmless errors," and attempting to justify his condensed form of discovery requests on the grounds that he is limited to "20 sheets" of paper a week, and has three pending cases in court. Dckt. No. 35 at 3, 5. Defendants oppose the motion, arguing that their objections were proper under the Federal Rules of Civil Procedure. Dckt. No. 38 at 4. Defendants also submit a letter that they provided to

---

[1] Plaintiff did not provide the court with copies of his discovery requests, but defendants provided copies with their opposition brief. Dckt. No. 38, Carroll Decl., Exs. A-B.

2

plaintiff with their objections to plaintiff's discovery requests. *Id.*, Carroll Decl., Ex C. In that letter, defense counsel outlined exactly why plaintiff's discovery responses were procedurally defective and exactly what plaintiff needed to do to correct them. *Id.* Specifically, defendants informed plaintiff that he could not direct a discovery request to both defendants, and that he could not combine his requests for production with his interrogatories. *Id.* Defendants offered instructions showing plaintiff how to separate his requests for discovery by defendant and by type of discovery sought. *Id.* Defendants also offered to waive the discovery deadline and provide plaintiff with an additional 45 days to reformat and reserve his discovery requests. *Id.* Defendants argue that plaintiff's motion must be denied because it includes no argument as to why their objections were improper, fails to offer any explanation as to why plaintiff should be exempt from compliance with the Federal Rules of Civil Procedure, and because plaintiff made no attempt to comply with the instructions outlined for plaintiff in their letter. Dckt. No. 38 at 4. In his reply, plaintiff contends he did not have enough paper to separate his discovery requests as instructed. Dckt. No. 40.

Plaintiff's motion to compel must be denied. Defendants properly objected to the form of plaintiff's discovery requests, *see* Fed. R. Civ. P. 33(a), 34(a), 36(a), and offered specific instructions to plaintiff on how to reformat and reserve his requests so that defendants could respond in accordance with the Federal Rules of Civil Procedure. Defendants granted plaintiff an extension of 45 days – over six weeks – within which to reserve his requests. Plaintiff apparently made no attempt to cure the defects in his discovery requests, even though defendants told him exactly how to do so. In six weeks, plaintiff, who claims to have been limited to 20 sheets of paper a week, would have had access to no fewer than 120 sheets of paper. Plaintiff's discovery requests were each only five pages long, *see* Dckt. No. 38, Carroll Decl., Exs. A, B, and to properly separate them by defendant and type of discovery – resulting in two sets of requests for admissions, two sets of interrogatories, two sets of requests for production, plus a proof of service – would require no more than 31 sheets of paper. Plaintiff's general contentions

3

about a limited supply of paper and litigating other cases, do not justify his disregard for the Federal Rules of Civil Procedure and do not entitle him to a court order compelling defendants to respond to his defective discovery requests. Although plaintiff is pro se, he is required to read and comply with the Local Rules, the Federal Rules of Civil Procedure, and the court's orders. *See McNeil v. United States*, 508 U.S. 106, 113 (1993) ("[W]e have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel.").

## II.   Plaintiff's Motion to Amend (Dckt. No. 36)

The discovery and scheduling order established November 4, 2011 as the deadline for filing a motion to amend the complaint. Dckt. No. 26. In a motion with a proof of service dated November 1, 2011, plaintiff timely requested leave to file an amended complaint. Dckt. No. 36. *See Houston v. Lack*, 487 U.S. 266, 276 (1988) (prisoner's notice of appeal deemed timely filed on the date it was delivered to prison staff for delivery to the court).

Rule 15(a)(1) provides that "[a] party may amend its pleading once as a matter of course within: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Because defendants filed a responsive pleading on July 11, 2011, plaintiff's opportunity to amend "as a matter of course" expired 21 days thereafter. Nonetheless, Rule 15(a)(2) provides that "[i]n all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). The policy of freely granting leave to amend should be applied with "extreme liberality." *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987). When determining whether to grant leave to amend under Rule 15(a), a court should consider the following factors: (1) undue delay; (2) bad faith; (3) futility of amendment; and (4) prejudice to the opposing party. *Foman v. Davis*, 371 U.S. 178, 182 (1962). Granting or denying leave to amend rests in the sound discretion of the

4

trial court, and will be reversed only for abuse of discretion. *Swanson v. U.S. Forest Serv.*, 87 F.3d 339, 343 (9th Cir. 1996).

Plaintiff claims to have recently discovered the identities of three Doe defendants named in his December 14, 2010 amended complaint and now seeks leave to amend in order to add those three individuals as defendants. Dckt. No. 36. His proposed amended complaint, however, omits any reference to defendants Andreason and Veal, against whom this action now proceeds. Dckt. No. 37. Defendants oppose plaintiff's motion to amend, describing the proposed amended complaint as "a completely new complaint which does not name either defendant," and arguing that amendment would prejudice them because it would likely require modification of the scheduling order and would "dramatically drag out the life of this lawsuit and allow memories to fade even further." Dckt. No. 39 at 6-7. In his reply, plaintiff states that he only wants to add defendants to this action, and that he does not want to drop defendants Veal and Andreason. Dckt. No. 40.

The court has repeatedly informed plaintiff that an amended complaint must be complete in itself without reference to any prior pleading, and that once plaintiff files an amended complaint, the earlier pleading is superseded. Dckt. Nos. 13, 17, 26; *see also* E.D. Cal. Local Rule 220; *see Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967). Plaintiff makes clear he does not want to dismiss his claims against Veal and Andreason, but his proposed amended complaint does not name them as defendants or include any claims against them. Were the court to grant plaintiff's motion to amend, this action would no longer proceed against defendants Veal or Andreason. Plaintiff has thus failed to file a proposed amended complaint that is complete in itself and that does not rely on allegations from the earlier filed complaint. Thus, plaintiff's proposed amendment does not comply with the requirements of Local Rule 220, and would result in plaintiff's unintended dismissal of two defendants. Accordingly, plaintiff's motion to amend is denied without prejudice. *See* E.D. Cal. Local Rule 220 ("No pleading shall be deemed amended or supplemented until this Rule has been complied with").

If plaintiff files another motion to amend, it must be accompanied by a proposed amended complaint that is complete in itself, meaning that it includes all claims against all defendants named in this action. If plaintiff seeks to amend for the limited purpose of providing the names of Doe defendants, he may simply strike out the "Doe" references in the December 14, 2010 amended complaint, replace them with the actual names of the Doe defendants, and submit that as his proposed second amended complaint. Plaintiff is hereby informed, however, that consideration of any further motion to amend would require modification of the discovery and scheduling order, as the deadline for filing motions to amend has passed. Thus, any motion to amend must also be filed with a motion to modify the scheduling order. A scheduling order may be modified upon a showing of good cause. Fed. R. Civ. P. 16(b). Good cause exists when the moving party demonstrates he could not meet the deadline despite exercising due diligence. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992).

**III.     Defendants' Request to Modify the Scheduling Order (Dckt. No. 42)**

The discovery and scheduling order established January 27, 2012 as the deadline for filing dispositive motions. Dckt. No. 26. While plaintiff's motion to amend was pending, defendants requested that the court extend the deadline by at least 30 days after ruling on plaintiff's motion to amend. Defendants noted that plaintiff's motion to amend sought to add new defendants and change the course of this action, and that it would be inefficient for them to move for summary judgment until after the court had ruled on plaintiff's motion to amend. Dckt. No. 42. Plaintiff opposed the request on the grounds that it was only a delay tactic and that defendants should have requested the modification sooner. Dckt. No. 43.

Plaintiff misses the point that had the court granted his motion to amend, it would have resulted in the dismissal of defendants Veal and Andreason, thereby eliminating any need for them to file motions for summary judgment. Good cause appearing, defendants' request to modify the scheduling order is granted and the discovery and scheduling order of July 14, 2011

////

(Dckt. No. 26) will be modified to extend the dispositive motions deadline to 30 days from the date that this order is filed.

**IV.    Order**

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's November 10, 2011 motion to compel (Dckt. No. 35) is denied;

2. Plaintiff's November 10, 2011 motion to amend (Dckt. No. 36) is denied without prejudice; and

3. Defendants' January 23, 2012 request to extend the dispositive motions deadline (Dckt. No. 42) is granted, and the discovery and scheduling order of July 14, 2011 (Dckt. No. 26) is modified to allow the parties to file dispositive motions no later than 30 days from the date of this order.

DATED:  March 16, 2012.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE