1

2

3

4

5

6

7

8              IN THE UNITED STATES DISTRICT COURT

9            FOR THE EASTERN DISTRICT OF CALIFORNIA

10   JAMISI JERMAINE CALLOWAY,

11            Plaintiff,                    No. CIV S-09-2907 GEB EFB P

12       vs.

13   M. VEAL, et al.,

14            Defendants.              <u>ORDER</u>

15   _____/

16        Plaintiff is a state prisoner proceeding without counsel in an action brought under 42

17   U.S.C. § 1983.  The Discovery and Scheduling Order initially set January 27, 2012 as the

18   deadline for filing dispositive motions.  Dckt. No. 26.  The court later extended that deadline to

19   April 16, 2012.  *See* March 16, 2012 Order, Dckt. No. 44 ("[T]he discovery and scheduling order

20   of July 14, 2011 (Dckt. No. 26) is modified to allow the parties to file dispositive motions no

21   later than 30 days from the date of this order.").

22        On April 16, 2012, defendants timely filed a motion for summary judgment pursuant to

23   Rule 56 of the Federal Rules of Civil Procedure.  Dckt. No. 45.  In support of their motion,

24   defendants filed a declaration on behalf on Andreason, but it was not signed.  Dckt. No. 46.

25   Defendants requested an extension of time to file the signed declaration.  *Id.*  Defendants filed

26   the signed declaration on April 18, 2012, with no changes to the content of the declaration.

Dckt. No. 47.  On April 19, 2012, the court granted defendants' request for an extension of time to file the signed declaration in support of their motion, and deemed the April 18, 2012 declaration timely filed.  Dckt. No. 48.

Plaintiff has not opposed the motion for summary judgment.  On May 4, 2012, however, plaintiff objected to the motion for summary judgment on the grounds that it was due by April 14, 2012.  Plaintiff also objected to defendants' request to file the Andreason declaration on April 18, 2012.  Dckt. No. 49.  Defendants responded to plaintiff's objections.  Dckt. No. 51.  As noted by defendants, plaintiff is mistaken about the deadline for filing dispositive motions.  Dispositive motions were due on April 16, 2012, and defendants' motion is therefore timely.  Defendants assert that "[d]ue to circumstances beyond defense counsel and Dr. Andreason's control, the signed declaration of defendant Dr. Andreason was unavailable when the motion was filed on April 16, 2012."  Dckt. No. 51 at 2.  The court has deemed that declaration timely filed, and plaintiff fails to show how that order prejudices him or warrants reconsideration.  Plaintiff must now file a response to defendants' motion for summary judgment.

In cases in which one party is incarcerated and proceeding without counsel, motions ordinarily are submitted on the record without oral argument.  Local Rule 230(l).  "Opposition, if any, to the granting of the motion shall be served and filed by the responding party not more than twenty-one (21) days after the date of service of the motion."  *Id*.  A responding party's failure "to file an opposition or to file a statement of no opposition may be deemed a waiver of any opposition to the granting of the motion and may result in the imposition of sanctions."  *Id*.

Furthermore, a party's failure to comply with any order or with the Local Rules "may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court."  Local Rule 110.  The court may recommend that an action be dismissed with or without prejudice, as appropriate, if a party disobeys an order or the Local Rules.  *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1263 (9th Cir. 1992) (district court did not abuse discretion in dismissing *pro se* plaintiff's complaint for failing to obey an order to re-file

2

1    an amended complaint to comply with Federal Rules of Civil Procedure); *Carey v. King*, 856

2    F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for *pro se* plaintiff's failure to comply with local

3    rule regarding notice of change of address affirmed).

4          On May 11, 2011, the court advised plaintiff of the requirements for filing an opposition

5    to the motion, that failure to oppose such a motion may be deemed a waiver of opposition to the

6    motion, and that failure to comply with the Local Rules may result in a recommendation of

7    dismissal.

8          Accordingly, it is hereby ORDERED that, within twenty-one days of the date of this

9    order, plaintiff shall either file either an opposition to the motion for summary judgment or a

10   statement of non-opposition.  Failure to comply with this order will result in a recommendation

11   that this action be dismissed without prejudice.

12   DATED:  May 15, 2012.

13

14                    EDMUND F. BRENNAN
                     UNITED STATES MAGISTRATE JUDGE

15

16

17

18

19

20

21

22

23

24

25

26