# UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMISI JERMAINE CALLOWAY, | No. 2:09-cv-2907-GEB-EFB P |
| Plaintiff, | |
| v. | ORDER |
| M. VEAL, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. On December 4, 2012, the undersigned issued findings and recommendations recommending that summary judgment be granted in favor of defendants. ECF No. 57. The district judge adopted those recommendations on February 21, 2013, and judgment was entered in favor of defendants. ECF Nos. 63, 64. Plaintiff appealed. ECF No. 66. The U.S. Court of Appeals for the Ninth Circuit held that plaintiff had not been provided adequate opportunity to conduct discovery and vacated the judgment and remanded the case for further proceedings. ECF No. 70. In accord with the opinion of the Ninth Circuit, the court issues the following discovery and scheduling order.

**I. Background**

This action proceeds on the amended complaint filed December 14, 2011. ECF No. 16. Plaintiff claims that defendants Andreasen and Veal were deliberately indifferent to his serious medical needs while he was in administrative segregation under "contraband surveillance watch"

1

1  from July 30, 2006 to August 7, 2006.  ECF No. 16 at 5-6.  Specifically, plaintiff alleges that he
2  "was placed in leg restraints and leg irons" in a locked cell without a working toilet, "left in full
3  restraints and denied all medical attention for six days," even after his hemodialysis access
4  became clotted.  *Id.* at 5.  Plaintiff alleges that he was forced to remain in chains and under a
5  bright beam light, 24 hours a day.  *Id.* at 5-6.  Plaintiff alleges that it was defendant Veal's
6  "action" to leave him shackled in the cell without medical treatment.  *Id.* at 6.

7        Plaintiff alleges that defendant Andreasen ignored his serious medical needs during this
8  period when he "knowingly kept me in restraints and shakles [sic] for" six days without medical
9  treatment.  *Id.*  Further, plaintiff alleges that defendant Andreasen delayed the necessary
10 declotting treatment after his access became clotted on August 1, 2006 until August 7, 2006.  *Id.*

11       On November 10, 2011, plaintiff filed a motion to compel, complaining that defendants
12 had unreasonably refused to respond to his interrogatories, requests for admission, and requests
13 for production of documents.  ECF No. 35.  Defendants had responded to each request with the
14 objection that it was "procedurally defective" because it was addressed to more than one
15 defendant.  *Id.* at 7-33.  They pressed the same argument in opposing the motion to compel.  ECF
16 No. 38.  The court accepted the argument after noting that defense counsel had given plaintiff
17 instructions on how to provide separate discovery requests and offered plaintiff a 45-day
18 extension of time in which to reformat and reserve the requests.  ECF No. 44 at 2-4.  Plaintiff had
19 not taken defendants up on this offer and argued that he had access to only 20 sheets of paper per
20 week.  ECF No. 40 at 2.  The court concluded that this fact did not justify the granting of the
21 motion, because in the 45 days defendants offered to plaintiff he would have had access to 120
22 sheets of paper and would have needed at most 31 sheets to serve reformatted discovery requests.
23 ECF No. 44 at 3-4.  Plaintiff did not attempt further discovery.

24       Defendants moved for summary judgment.  ECF No. 45.  In opposing the motion, plaintiff
25 stated that he "diligently did all that could be reasonably expected as a pro-se prisoner" but that
26 his efforts at discovery had been thwarted.  ECF No. 55-1 at 9.  He also declared that he "received
27 no discovery despite my request for a motion to compel being denied [sic]."  ECF No. 55-3 at 7.
28 Plaintiff complained that he had diligently requested records he needed "to prove that the orders

to chain me up on 7-30-06 was directly from M. Veal [sic]" and that he "was not able to obtain the CMF Operational Procedure Contraband Surveillance Watch" policy. *Id.* at 7-8.

The district court granted summary judgment, adopting the assigned magistrate judge's findings and recommendation concluding that plaintiff had produced no evidence showing that defendant Veal was responsible for plaintiff's alleged harm. The findings and recommendations noted that plaintiff had produced no evidence: (1) showing defendant Veal's personal involvement in plaintiff's placement on contraband surveillance watch; (2) showing that defendant Veal knew that placing plaintiff on contraband surveillance watch would subject plaintiff to harm but failed to act to prevent that harm; or (3) showing a policy authored or enforced by defendant Veal requiring that inmates be placed on contraband surveillance watch regardless of medical condition. ECF No. 57 at 7. It was further found that plaintiff had produced no medical evidence supporting his claim that his placement in restraints while on contraband surveillance watch had caused his AV graft to become clogged or otherwise caused him serious harm. *Id.* at 8.

It was further found that plaintiff had produced no evidence showing that defendant Andreasen's response to his medical needs was unreasonable. *Id.* at 8-9. After summarizing the evidence, the court concluded that:

> [P]laintiff has produced no evidence supporting his general assertion that defendant Andreasen denied him all medical care while he was on contraband surveillance watch or, more specifically, that the declotting procedure needed to be performed immediately on August 3rd and that it was not medically reasonable for the procedure to be scheduled four days later. Indeed, the evidence shows that the graft was successfully declotted 12 days later, after plaintiff consented to be treated . . . .

*Id.* at 9. The court further found that plaintiff lacked evidence that defendant Andreasen had been deliberately indifferent in releasing plaintiff back to administrative segregation, noting that the evidence before the court showed that plaintiff had received regular care and that plaintiff had not presented evidence that more frequent or otherwise different care was medically necessary or that defendant Andreasen was responsible for providing such care. *Id.* The district judge adopted the findings and recommendations and judgment was entered in favor of defendants. ECF Nos. 63, 64.

3

In vacating that judgment, the Ninth Circuit concluded that summary judgment was entered without providing plaintiff with "an appropriate opportunity to conduct discovery." ECF No. 70 at 2. The appellate court faulted this court for providing "a mere three-and-a-half months from the filing of the answer to complete discovery," denying plaintiff's motion to compel "even though he explained that the prison's copying quota prevented him from making enough copies to serve his discovery requests on time," and failing to address plaintiff's statements in his summary judgment opposition that he had been unable to obtain the discovery he wanted. *Id.* at 3. According to the Court of Appeals, these statements should have been treated as a request under Rule 56(d) of the Federal Rules of Civil Procedure. *Id.* at 4. The appellate court further concluded that defendants' argument in opposing the motion to compel – that joint discovery requests may not be served on more than one defendant – was without merit as unsupported by both the language of Rule 33(a)(1) of the Federal Rules of Civil Procedure and case law. *Id.* The appellate court concluded that plaintiff's discovery requests

> appear relevant and narrowly tailored. For example, Calloway requested—but apparently never received—his complete medical records. Calloway requested the California Medical Facility's (CMF) contraband surveillance watch policy so that he could determine precisely what the written policy was and whether warden M. Veal was responsible for it. [Footnote omitted] Calloway also requested production of other prisoner's claims against the warden and Dr. Andreasen, which might lead to discovery of relevant evidence.

*Id.*

**II. Future Proceedings**

The essence of the opinion of the Ninth Circuit is that defendants' objection to plaintiff's joint discovery requests was without merit, that defendants should have substantively responded to those requests, and that the court should have granted plaintiff's motion to compel those responses. Accordingly, the (1) the order of March 19, 2012 (ECF No. 44) as it pertains to the motion to compel; (2) the findings and recommendations of December 4, 2012 (ECF No. 57); and (3) the order of February 21, 2013 (ECF No. 63) adopting those recommendations, are all necessarily vacated by the Ninth Circuit's ruling. Further, in light of the analysis by the court of appeals, this court now orders the defendants to respond to plaintiff's discovery requests.

/////

Further, within 30 days of this order, the parties shall file statements indicating what, if any, specific additional discovery they intend to pursue and a proposed schedule by which they propose to complete that discovery. The statements shall be specific as to the type of discovery and the nature of the information that will be sought. Defendants may then renew their motion for summary judgment or file a new motion for summary judgment within the time provided below.

**III. Order**

It is hereby ORDERED that:

1. The order of March 19, 2012 (ECF No. 44) as it pertains to the motion to compel is VACATED;
2. The findings and recommendations of December 4, 2012 (ECF No. 57) are VACATED;
3. The order of February 21, 2013 (ECF No. 63) is VACATED;
4. Within 30 days of the date of this order, defendants shall respond to plaintiff's discovery requests of September 13, 2011;
5. Any motion to compel with regard to defendants' responses shall be filed within 30 days of the service of those responses;
6. The parties shall, within 30 days of the date of this order, file statements indicating what, if any, additional discovery they intend to pursue and a proposed deadline by which that discovery shall be completed;
7. If no further discovery is sought, defendants may renew their April 16, 2012 motion for summary judgment or file a new motion for summary judgment within 60 days of the date of this order;
8. Plaintiff shall have 30 days from service of such summary judgment motion to file an opposition to the motion; and

/////

/////

/////

9. Defendants shall have 14 days from service of plaintiff's opposition to file a reply.

Dated: July 30, 2014.

*[signature]*

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE